[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for the dissolution of a marriage and related relief. The plaintiff, Margot Travers Reiniger, and the defendant, Richard Reiniger were married in New York City, New York, on May 3, 1973. The defendant has been a resident of the State of Connecticut for more than twelve months prior to the date of the complaint; therefore, this court does have jurisdiction. There are two children issue of this marriage, both of whom have passed the age of majority. The marriage of the parties has broken down irretrievably, and a decree of dissolution shall enter on that ground.
The plaintiff is 51 years old and is in good health. She was the primary caretaker of the parties' two children and, during CT Page 3038 much of the marriage she worked in varying degrees in business with the defendant. She presently has full-time employment as a fundraising trainer, earning $615 gross, $455 net, per week plus health insurance benefits. The plaintiff further has part-time employment as a museum employee, where she earns $60 gross, and declares the same $60 net, per week[1]
The defendant is 56 years old. He has heart-related problems which require medical intervention. During much of the marriage, he worked in the bookkeeping end of an exercise-fitness business (the "Nickolaus Technique"). According to the defendant, the business had a "phenomenal reputation" but, as he put it, the parties were always "flat broke." The defendant was later engaged in the antiques business. More recently, the defendant has been self-employed in the wholesale furniture business in a corporate form named Cedar Hills, LLC. That business has been minimally profitable. The defendant takes a salary or draw of $460 gross, $313 net per week. He has no health, insurance.
The court further notes an inheritance which the defendant received from his late mother's estate. He has used a part of the inheritance, about $100,000, to make loans to Cedar Hills. The remaining balance of the inheritance is approximately $374,000 as shown on the defendant's financial affidavit. This balance generates about another $365 gross, $248 net, per week to the defendant.
The court briefly addresses the cause of the breakdown of this marriage. The parties were not compatible during much of the marriage. They have not been intimate for many years. The plaintiff had a short affair in 1993, but the court cannot say that this was the cause of the breakdown. The parties separated in 1994. In sum, the court finds that neither party was more responsible than the other for the breakdown of the marriage.
The court has considered all of the evidence and the statutes made and provided for the dissolution of marriage, including C.G.S. §§ 46b-81 and 82, and enters the following orders:
(1) The marriage of the parties is dissolved on the grounds of an irretrievable breakdown.
(2) The defendant shall pay to the plaintiff as and for periodic alimony the sum of $1 per year, to terminate upon the earliest happening of any of the following events: the CT Page 3039 defendant's death, or the plaintiff's death, remarriage, or cohabitation pursuant to C.G.S. § 46b-86 (b).
(3) The defendant is ordered to pay to the plaintiff, as and for an assignment of property, the sum of $125,000 within sixty days.
(4) The defendant shall be solely liable for, and shall indemnify and hold harmless the plaintiff against, any tax liability resulting from any joint tax return filed by the parties.
(5) Except or to the extent as set forth more specifically herein, each party shall retain all assets and be responsible for any liabilities as set forth on their respective financial affidavits.
(6) Each party shall be responsible for his or her own counsel fees.
(7) Counsel for the plaintiff shall prepare the judgment file.
So Ordered.
KAVANEWSKY, J.